# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| RICARDO HUGH BROWN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No.: 4:19-cv-00511-RDP-HNJ |
| DAVID RIVERA, et al., | ) ) ) |
| Respondents. | ) |

## AMENDED MEMORANDUM OPINION

On December 9, 2019, the Magistrate Judge entered a report recommending this action be dismissed without prejudice. (Doc. 12). The Magistrate Judge further recommended that Brown's motion for evidentiary hearing be denied. (*Id*.).

On January 6, 2020, the court dismissed this action without prejudice. (Docs. 14, 15). The court noted improvidently that no objections had been received by the court. (Doc. 14 at 1). However, the court received Petitioner Brown's objections on January 3, 2020.[1] (Doc. 13). Accordingly, the court **WITHDRAWS** the Memorandum Opinion and Order entered January 6, 2020. (Docs. 14, 15).

In his objections, Brown claims a New York criminal court is considering vacating his convictions for the criminal sale of marijuana, convictions which the

---

[1] Because Petitioner Brown is in custody, the court will deem the objections filed the date he delivered them to custodial officials for mailing which appears to be December 22, 2019. (Doc. 13 at 3). *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

immigration authorities used to initiate Brown's Notice to Appear in Immigration Court and the subsequent order of removal. (Doc. 13 at 1). He further states that some of his other drug offenses have been expunged and his convictions for petit larceny, resisting arrest, obtaining transportation without paying, and driving with a suspended license do not support deportation. (*Id.*).

Brown does not address the magistrate judge's findings that his claims are premature under 8 U.S.C. § 1231(a)(1)(A) because he has filed petitions for review and motions for stay of removal in the Second Circuit, and thus, he has a petition for review currently pending. *See Brown v. Barr*, No. 19-2980 (2d Cir.). In the Eleventh Circuit, a petitioner's appeal of his removal order, accompanied by, or without, a stay of removal, "interrupts" the presumptively reasonable, six-month removal period arising under § 1231(a)(1)(A). And that operates to postpone a petitioner's access to the relief accorded by *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002). At the time Brown filed the present petition, immigration authorities had not detained him beyond the presumptively reasonable six months, as that time period is construed by *Akinwale*, and thus, his petition is due to be dismissed without prejudice as premature. *Id.* at 1052. Therefore, the court **OVERRULES** Brown's objections.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the

court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. Accordingly, the petition is due to be dismissed without prejudice. In addition, Brown's motion for evidentiary hearing is due to be denied.

A separate order will be entered.

**DONE** and **ORDERED** this January 15, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE